Judith W. Ross
State Bar No. 21010670
Neil J. Orleans
State Bar No. 15303500
Eric Soderlund
State Bar No. 24037525
**Law Offices of Judith W. Ross**
700 N. Pearl Street, Suite 1610
Dallas, TX 75201
Phone: 214-377-7879
Fax: 214-377-9409
Email: judith.ross@judithwross.com
Email: neil.orleans@judithwross.com
Email: eric.soderlund@judithwross.com

**Texas Counsel for the Official
Committee of Unsecured Creditors**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ALCO STORES, INC., *et al.*, | : : | Case No. 14-34941 |
| Debtors.[1] | : : | Jointly Administered |

## SUMMARY OF SECOND INTERIM FEE APPLICATION REQUEST

| | |
|---|---|
| Second Interim Application of: | Judith W. Ross, P.C. |
| Capacity: | Texas Counsel for Official Committee of Unsecured Creditors |
| Time Period: | January 1 through March 31, 2015 |
| Date Retention Order signed: | December 8, 2014 (Docket No. 441) |
| Bankruptcy Petition filed on: | October 12, 2014 |
| Status of Case: | Open |
| Total professional hours requested in this application: | 43.8 |
| Professional rates: | High: $400; Low: $300; Avg.: $369.86 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ALCO STORES, INC., a Kansas corporation (1080); and ALCO Holdings, LLC, a Texas limited liability company (0364). The mailing address of the Debtors, solely for purposes of notices and communications, is ALCO Stores, Inc., 751 Federal Parkway, Coppell, Texas 75019.

| | |
|---|---|
| Retainer amount: | $0 |
| Total professional service fees requested in this application, after voluntary reductions and charge-offs: | $16,200 |
| Total reimbursable expenses: | $447.86 |
|     Copies—Actual Cost: | $212.05 |
|     Postage—Actual Cost: | $96.91 |
|     Parking: | $0 |
|     Other expenses: | $138.90 |
| Total fees and expenses for Interim Fee Period: | **$16,647.86** |
| Prior payments received for this Fee Period: | **$10,556.31** |
| Unpaid fees and expenses: | **$6,091.55** |

TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

The Law Offices of Judith W. Ross (the "**Firm**"), Texas counsel to the official committee of unsecured creditors (the "**Committee**") files this second interim fee application (the "**Interim Fee Application Request**") for compensation and reimbursement of professional fees and expenses incurred between January 1, 2015 through March 31, 2015 (the "**Interim Fee Period**") in accordance with the *Order Granting Motion of the Debtors and Debtors in Possession for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket Number 328) (the "**Interim Fee Order**") and respectfully represents as follows:

## Objection Deadline

In accordance with the terms of the Interim Fee Order, objections to this Interim Fee Application Request must be filed and served upon the Firm and the Notice Parties (as defined in the Interim Fee Order) so as to be received **on or before June 1, 2015**, which is the 15th day following service of this pleading.

### Relief Requested

By this application, the Firm requests approval of **$16,200.00** in fees, representing **43.8 hours** of time incurred by Firm professionals, and **$447.86** in expenses incurred during the Interim Fee Period, for a total compensation request of **$16,647.86**. In accordance with the provisions of the Interim Fee Order, the Firm previously submitted three Monthly Fee Applications. Under those three Monthly Fee Applications, the Firm has received total payments of **$10,176.00** of its fees and **$380.31** of its expenses incurred during the Interim Fee Period.

### Jurisdiction and Venue

The Court has jurisdiction over this fee application under 28 U.S.C. § 1334(b). This matter concerns the administration of the estate and, therefore, is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O). Accordingly, this Court can enter an order approving the fee application in accordance with 28 U.S.C. § 157 and the standing order of reference entered by the United States District Court for the Northern District of Texas on August 3, 1984 (Miscellaneous Order #33). Venue is proper in this district under 28 U.S.C. §§ 1408 & 1409. The statutory predicates for the relief requested herein are §§ 105(a), 327, 331, and 507(a)(2) of the United States Bankruptcy Code. The Firm submits the Interim Fee Application Request in accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure, Appendix F of this district's Bankruptcy Local Rules: Guidelines for Compensation and Reimbursement of Professionals in Chapter 11 Cases, and the Court's Interim Fee Order.

### Procedural Background

On October 12, 2014, the Debtors filed petitions for relief initiating the above-captioned jointly administered chapter 11 cases.

On October 28, 2014, the Official Committee of Unsecured Creditors (the "**Committee**") and the Firm filed an application seeking Court authorization for the Committee to retain the Law

Offices of Judith W. Ross as Texas counsel to the Committee (the "**Retention Application**").

On December 8, 2014, the Court granted the Retention Application nunc pro tunc to October 23, 2014.

On November 14, 2014, the Court entered the Interim Fee Order.[2]

On February 13, 2015, the Firm served on the Notice Parties its *Statement of Fees and Expenses of Law Offices of Judith W. Ross for the Period January 1, 2015 through January 31, 2015* (the "**January 2015 Monthly Fee Application**") seeking payment of **$3,232.00 (80% of $4,040.00)** in fees and **$231.42** in expenses. No objections to the January 2015 Monthly Fee Application were received.

On March 12, 2015, the Firm received payment of **$3,463.42** on the January 2015 Monthly Fee Application.

On March 13, 2015, the Firm served on the Notice Parties its *Statement of Fees and Expenses of Law Offices of Judith W. Ross for the Period February 1, 2015 through February 28, 2014* (the "**February 2015 Monthly Fee Application**") seeking payment of **$6,944.00 (80% of $8,680.00)** in fees and **$148.89**[3] in expenses. No objections to the February Monthly Fee Application were received.

On April 24, 2015, the Firm received payment of **$7,092.89** on the February 2015 Monthly Fee Application.[4]

On April 15, 2015, the Firm served on the Notice Parties its *Statement of Fees and Expenses of Law Offices of Judith W. Ross for the Period March 1, 2015 through March 31, 2015* (the

---

[2] The firm has already been paid all fees and expenses for the period October 1, 2014 through December 31, 2014, subject to final approval by this Court.
[3] The Firm mistakenly requested $380.31 in the actual Monthly Fee Application**.**
[4] The Firm actually received a payment of $7,324.31, which included an overpayment of $231.42, which the Firm has subsequently refunded to the Debtor.

**JUDITH W. ROSS P.C.'S SECOND INTERIM FEE APPLICATION – Page 4**

"**March 2015 Monthly Fee Application**") seeking payment of **$2,784.00 (80% of $3,480.00)** in fees and **$67.55** in expenses. The time for objecting to the March 2015 Monthly Fee Application has not yet expired.

The Firm has not received any payment on the March 2015 Monthly Fee Application.

## Legal Standard

Section 331 of the Bankruptcy Code provides that "a trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement." 11 U.S.C. § 331.

The standards for an award of such compensation and reimbursement are the standards identified in section 330 of the Bankruptcy Code, which "authorizes compensation for services and reimbursement of expenses of officers of the estate," and "prescribes the standards on which the amount of compensation is to be determined." House Report No. 95-595, 95th Cong., 1st Sess. 329 (1977). Section 330(a)(1)(A) authorizes a bankruptcy court to award "reasonable compensation for actual, necessary services rendered" by professionals hired to assist the debtor under the Code. Section 330(a)(3) specifies a non-exhaustive list of factors for bankruptcy courts to consider in determining reasonable professional compensation:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;

>(B) the rates charged for such services;
>
>(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
>(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3) (emphasis added).

This list is non-exclusive. *See In re Lan Assocs. XI, L.P.*, 192 F.3d 109, 123 (3d Cir. 1999) ("[B]ankruptcy courts may consider relevant factors beyond those listed in the statute."). In a non-bankruptcy case decided before the adoption of the Bankruptcy Code, the Fifth Circuit set out 12 factors for a court to consider in determining whether attorney compensation is reasonable. The *Johnson* factors take into account: (1) the time and labor required; (2) the novelty and difficulty of the questions presented by the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of a case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time pressures imposed by the client or the circumstances; (8) the amount involved and results obtained as a result of the attorney's services; (9) the experience, reputation and ability of the attorneys; (10) the desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The Fifth Circuit adopted the *Johnson* factors for bankruptcy cases before the enactment of the Bankruptcy Code. *See In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). Five of those factors were later codified by Congress in § 330(a)(3) and are set forth above. *See* 3 Collier on Bankruptcy ¶ 330.04[3] (Lawrence P. King, ed., 15th ed. rev. 2003).

Section 330 confers broad discretion on bankruptcy courts. "Section 330 of the Bankruptcy Code gives bankruptcy courts discretion to award reasonable compensation to debtors' attorneys in bankruptcy cases." *In re Cahill*, 428 F.3d 536, 540 (5th Cir. 2005). "Determining what constitutes reasonable compensation is soundly within the discretion of the bankruptcy court, primarily because the bankruptcy judge is in the best position to determine the reasonableness of a proposed fee." *In re Farah*, 141 B.R. 920, 923 (Bankr. W.D. Tex. 1992) (citing *In re Anderson*, 936 F.2d 199, 204 (5th Cir. 1991)).

In reviewing discretionary decisions under § 330(a)(3), the Fifth Circuit has provided bankruptcy courts with decades of guidance. *See, e.g., Cahill*, 428 F.3d at 541; *Fender*, 12 F.3d at 487. Determining reasonable compensation under § 330 begins with the lodestar calculation. Cahill, 428 F.3d at 539–40 ("The Fifth Circuit has traditionally used the lodestar method to calculate 'reasonable' attorneys' fees under § 330."). Courts are to "analyze and adjust fee applications on a case-by-case basis using the lodestar analysis and the flexible *Johnson* factors." *Cahill*, 428 F.3d at 541 (emphasis added); *accord In re El Paso Refinery, L.P.*, 257 B.R. 809, 826 (Bankr. W.D. Tex. 2000).

To calculate the lodestar, the bankruptcy court multiplies the number of hours reasonably expended by the appropriate hourly billing rate. *See Fender*, 12 F.3d at 487. An appropriate hourly billing rate is not necessarily the rate that was actually charged, but rather is "the prevailing hourly rate in the community for similar work." *Id.*; *see also Cahill*, 428 F.3d at 540. In considering all relevant factors to determine the reasonable hourly rate to use in the lodestar calculation, bankruptcy courts are not necessarily limited by the fee arrangements of the parties or the rates charged by the attorneys during the case. *See In re Farah*, 141 B.R. at 924. Rather, bankruptcy courts have an independent obligation under § 330 to determine the reasonable hourly rate to use

in the lodestar calculation and to decide the ultimate compensation to be awarded a fee applicant, regardless of what a professional may request in its fee application. *See In re Tahah*, 330 B.R. 777, 781 (B.A.P. 10th Cir. 2005); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994).

In this case, considering all the factors enumerated in § 330 of the Bankruptcy Code and any other relevant factors such as any applicable *Johnson* factors not expressly codified in § 330(a)(3), the Court can and should conclude that the compensation requested in the Interim Fee Application Request is reasonable.

*11 U.S.C. § 330(a)(3) Factors:*

**(A). Time spent**: The Firm's attorneys, Mr. Orleans, Ms. Ross, and Mr. Soderlund billed less than 50 hours over the Interim Fee Period The Firm's attorneys maintained a detailed log of the hours they expended in service of the estate that were maintained contemporaneously or substantially contemporaneously with the rendition of the services performed.

**(B). Hourly rate**: Ms. Ross's and Mr. Orleans's rate of $400 per hour and Mr. Soderlund's rate of $300 per hour was accepted by the client and approved by the Court without objection from the United States Trustee or any party in interest. Ms. Ross, Mr. Orleans and Mr. Soderlund in the past have been awarded compensation for Chapter 11 work at rates far exceeding the rate they are charging in this case, and similarly credentialed and experienced Chapter 11 practitioners in this and surrounding districts often charge rates at or above the rate charged in this case for similar work.

**(C.) Necessity of services provided**: All the services rendered and billed by the Firm during the Interim Fee Period were necessary and beneficial to the estate at the time such services were rendered. Work performed included appearing at hearings, reviewing motions, engaging in negotiations, attending creditor meetings, participating in teleconferences, and other necessary

activities. The Firm made efforts not to duplicate work performed by Cooley LLP. The services provided by the Firm during the Interim Fee Period are described in detail, in compliance with district and U.S. Trustee guidelines, in **Exhibit A** attached to this Interim Fee Application Request.

**(D.) Reasonableness of time spent**: None of the time expended on the many tasks performed was excessive. Simple tasks were performed quickly. A few more complex tasks required more time.

**(E.) Customary rates outside bankruptcy**: The rates charged by the Firm prevail in the community for similar work by practitioners of comparable skill and experience. The rates charged in this case is actually less than the Firm's hourly rates charged for similar work performed outside of bankruptcy. **Exhibit A** provides detailed explanations of the time spent and the hourly rate charged for services rendered during the Interim Fee Period.

The § 330(a)(3) factors individually, and together, support the requested compensation award. So do the non-codified *Johnson* factors, to the extent they are applicable:

- **Novelty and difficulty of questions**: The issues presented in this Chapter 11 case, while not overly complex, nonetheless have been challenging, requiring the expenditure of considerable mental exertion and the application of skill and experience.

- **Skill requisite to perform services properly**: The Firm's attorneys are experienced in bankruptcy matters and well qualified to represent the Committee. Before launching the Firm in 2013, Ms. Ross worked for nine years as a partner in the Bankruptcy Section of the Dallas office of Baker Botts L.L.P. Before that, she worked for many years as a shareholder in Thompson & Knight's bankruptcy department. Before joining the Firm in 2014, Mr. Orleans was a partner with Goins, Underkofler, Crawford and Langdon for 26 years. With over 43 years of experience, Mr. Orleans has a depth of knowledge in all aspects of restructuring, bankruptcy,

**JUDITH W. ROSS P.C.'S SECOND INTERIM FEE APPLICATION – Page 9**

business litigation and mediation. The Firm attorneys' experience in bankruptcy matters enabled them to provide services for the benefit of the Debtors' estates in an efficient and organized manner.

- **Preclusion of other employment**: The Firm's representation of the Committee in this case has not precluded the Firm from taking other representations during pendency of the case.

- **Whether fee is fixed or contingent**: The fee in this case is not contingent upon the outcome of any particular issue or adversary proceeding.

- **Time pressures imposed**: This was not a significant factor during the Interim Fee Period.

- **Awards in similar cases**: The compensation sought by the Firm, the hourly rates charged, and the amount of time spent on the case are the same or less than what other firms performing similar work in similar cases have sought, billed, and spent in cases of similar size and complexity.

- **Undesirability of the case**: This case was not undesirable.

- **Nature and length of relationship with client**: This factor was not applicable in this case.

Under the Bankruptcy Code and applicable case law, the Firm's fees incurred for professional services rendered during the Interim Fee Period were reasonable. The Firm accepted the representation on short notice and without a retainer. The Firm accepted the representation with no certainty that its fees and expenses would be paid.

## Expenses

It was necessary for the Firm to incur out-of-pocket expenses in connection with its representation of the Debtor during the Interim Fee Period. Careful records of these expenses have

been maintained, and the expenses incurred for the period are shown in **Exhibit A**. A summary of expenses is contained on the cover sheet of the Interim Fee Application Request. All of these expenses were reasonable and necessary and benefited the Debtor's estate. The Firm believes it is entitled to reimbursement for such expenses in the sum of **$447.86.**

## Notice

In accordance with the Interim Compensation Order, notice of this Interim Fee Application Request has been provided to:

A) Alco Stores, Inc., 401 Cottage Avenue, Abilene, KS 67410 (Attn: Accounting Department);

B) Counsel to the Debtors, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York, 10020 (Attn: Thomas R. Califano and Daniel G. Egan and 1717 Main Street, Suite 4600, Dallas, Texas 75201 (Attn: Vincent Slusher and Andrew Zollinger);

C) Counsel to the Committee, Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, New York 10036-7798 (Attn: Jeffrey L. Cohen);

D) Counsel to the Debtors' secured lender, Wells Fargo Bank, N.A., Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Sean M. Monahan and Kevin J. Simard) and Greenberg Traurig, LLP, One International Place, Boston, MA 02110 (Attn: Jeffrey M. Wolf);

E) The Office of the United States Trustee, Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242; and

F) All parties that have filed a notice of appearance with the Clerk of the Court, pursuant to Bankruptcy Rule 2002 and requested such notice.

## Conclusion

The Firm asks this Court to enter an order: (i) granting final approval of all fees and expenses incurred during the Interim Fee Period; and (ii) authorizing and directing the Debtor to pay in full all such Court-approved fees and expenses that have not previously been paid in the amount of **$6,091.55**

Dated: May 15, 2015

          Respectfully submitted,

          By: */s/ Judith W. Ross*
          Judith W. Ross
          State Bar No. 21010670
          Neil J. Orleans
          State Bar No. 15303500
          Eric Soderlund
          State Bar No. 24037525
          **Law Offices of Judith W. Ross**
          700 N. Pearl Street, Suite 1610
          Dallas, Texas 75201
          Telephone: 214-377-8659
          Facsimile: 214-377-9409
          Email: judith.ross@judithwross.com
                 neil.orleans@judithwross.com
                 eric.soderlund@judithwross.com

          COUNSEL FOR THE OFFICIAL
          COMMITTEE OF UNSECURED
          CREDITORS

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on May 15, 2015, a copy of the foregoing application and notice of hearing was served electronically through ECF on the U.S. Trustee and other parties in interest in this case. Such electronic service was followed by service via first class U.S. mail. I also served the application and notice of hearing on the master creditor list via first class U.S. mail.

*/s/ Judith W. Ross*
Judith W. Ross

## CERTIFICATE OF COMPLIANCE

I certify that I have read the application, and to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Court's Guidelines for Compensation and Expense Reimbursement of Professionals. I certify that the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Firm and generally accepted by the Firm's clients.

*/s/ Judith W. Ross*
Judith W. Ross

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ALCO STORES, INC., *et al.*, | : : | Case No. 14-34941 |
| Debtors. [1] | : : | Jointly Administered |

**ORDER GRANTING JUDITH W. ROSS, PC's
SECOND INTERIM FEE APPLICATION REQUEST**

Judith W. Ross, PC (the "**Firm**"), having filed a second interim fee application request for compensation and reimbursement of expenses in its capacity as Texas Committee Counsel (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ALCO STORES, INC., a Kansas corporation (1080); and ALCO Holdings, LLC, a Texas limited liability company (0364). The mailing address of the Debtors, solely for purposes of notices and communications, is ALCO Stores, Inc., 751 Federal Parkway, Coppell, Texas 75019.

"**Application**"), and the Court having considered the Application, and finding that notice of the Application was adequate, that the services provided by the Firm were reasonable and necessary and beneficial to the estate, and that good cause appears, it is therefore:

ORDERED that the Application is GRANTED to the extent provided herein. It is further

ORDERED that the Firm's fees incurred during the first interim fee period, in the total amount of **$16,200.00**, and expenses incurred during the course of this case, in the total amount of **$447.86**, are allowed and approved. It is further

ORDERED that the Debtor is authorized and ordered to make payment of all fees and expenses approved herein that have not otherwise already been paid.

###END OF ORDER###

Prepared and submitted by:


*/s/ Eric Soderlund*
Judith W. Ross
State Bar No. 21010670
Neil J. Orleans
State Bar No. 15303500
Eric Soderlund
State Bar No. 24037525
**Law Offices of Judith W. Ross**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-8659
Facsimile: 214-377-9409
Email:  judith.ross@judithwross.com
           neil.orleans@judithwross.com
           eric.soderlund@judithwross.com

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS